UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH CITY MOTORS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al.,<br><br>Defendants. | Case No. 15-cv-01068-JST<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE STAYED AND VACATING HEARING**<br><br>Re: ECF No. 62 |

Currently before the Court is Defendants' motion for summary judgment. ECF No. 62.

Plaintiffs' sole remaining claim in this action is for return of mistaken contributions under 29 U.S.C. § 1103, which, in certain circumstances, permits recovery of a contribution or payment of withdrawal liability "if such contribution or payment is made by an employer to a multiemployer plan by a mistake of fact or law." 29 U.S.C. § 1103(c)(2)(A)(ii); *see also Award Serv., Inc. v. N. Cal. Retail Clerks Unions & Food Emp'rs Joint Pension Tr. Fund*, 763 F.2d 1066, 1068 (9th Cir. 1985). Plaintiffs' claim is premised on their mistaken belief that they were covered by a "free look" provision in their Trust Agreement with Defendants. Compl. ¶ 47; ECF No. 67 at 16.

In a pair of related cases, the Court granted summary judgment on Defendants' motion to confirm an arbitration award based on related issues. *S. City Motors, Inc. v. Auto. Indus. Pension Tr. Fund*, No. 17-cv-04475-JST (N.D. Cal.), ECF No. 30; *see also Auto. Indus. Pension Tr. Fund v. S. City Motors, Inc.*, No. 17-cv-04491-JST (N.D. Cal.), ECF No. 26. In so doing, the Court agreed with the arbitrator that the free look provision did not apply. *S. City Motors*, No. 17-cv-04475-JST, ECF No. 30 at 9-11.

Plaintiffs have appealed the Court's grant of summary judgment to the Ninth Circuit. *Id.*,

ECF No. 28. In that appeal, Plaintiffs seek review of the determination that the free look provision does not apply. *S. City Motors v. Auto. Indus. Pension Tr. Fund*, No. 18-16173 (9th Cir.), ECF No. 11 at 32-40.

If Plaintiffs prevail in their appeal, they will have been proven correct regarding their understanding of the terms of the Trust Agreement. Stated differently, Plaintiffs will not have made a "mistake." 29 U.S.C. § 1103(c)(2)(A)(ii). In that event, the Court does not see how Plaintiffs can proceed on their claim for return of mistaken contributions. It therefore appears to the Court that the Ninth Circuit's decision may resolve this case.

Accordingly, the Court hereby orders the parties to show cause why this case should not be stayed pending resolution of Plaintiffs' appeal.

Any party opposing issuance of such a stay shall file a brief of no longer than 10 pages by July 31, 2019. If no party files an opposition by that date, the Court will stay the case. If both parties file an opposition, the matter will be placed under submission unless the Court sets a hearing on the question of whether to stay the case. If only one party files an opposition, the other party will have until August 14, 2019 to file a brief in favor of staying the case, at which time the Court will take the matter under submission unless the Court sets a hearing.

In light of the foregoing, the Court vacates the hearing on the motion for summary judgment, currently scheduled for August 1, 2019.

**IT IS SO ORDERED.**

Dated: July 16, 2019

JON S. TIGAR
United States District Judge